HARVARD LAW SCHOOL LIBRARY

SCHROPSHIRE, *et al.*, Appellants, v. LOUDON *et al.*, Respondents.

1. An instrument in the form of a will, under seal, attested by two witnesses, and acknowledged before the appropriate circuit court, but not probated, though inefficacious as a will for want of probate, may yet operate as a valid act of emancipation from slavery under section 1 of article 2 of the act concerning slaves. (R. C. 1845, p. 1019.)

*Appeal from Shelby Circuit Court.*

This was a suit for freedom, originally brought in the Schuyler Circuit Court, from which court it was removed by change of venue to the Circuit Court of Shelby county. Upon the trial to establish the freedom of plaintiffs, the following instrument in writing, executed by Elizabeth Schropshire, was offered in evidence :

"State of Missouri, county of Schuyler. I, Elizabeth Schropshire, of the county of Schuyler, and state of Missouri, being of lawful age and sound mind, do hereby make and publish this, my last will and testament, as follows, to-wit : First, I desire that my funeral expenses and all my other debts be first paid ; secondly, I give and bequeath unto Titus my black man, Ellen my black woman, the wife of the said Titus, with all their children, viz., Monroe, Randolph, Wilson, Mary Jane and Josephine, with each and every child that may hereafter be born, their freedom at my death ; third, I do hereby appoint Stephen C. Thompson the executor of this, my last will and testament. In testimony whereof, I hereunto set my hand and seal this 25th day of June, 1846. Elizabeth Schropshire, (L. S.) Attested in the presence of the testatrix, S. C. Thompson, A. T. Hite, A. J. Towles."

In connection with this instrument, plaintiffs' counsel offered to prove that Elizabeth Schropshire appeared in the Circuit Court of Schuyler county, at the September term of said court, 1847, and acknowledged said instrument of writing as her deed of emancipation of the plaintiffs ; also that the acknowledgment of said instrument by the said Elizabeth was omitted to be entered on the record of said court by accident ; also introduced S. C. Thompson, A. T. Hite and A. J. Towles, and offered to prove by them that they are and were the attesting witnesses to said instrument of writing, and attested the same, as such witnesses, at the request of said Elizabeth, in her presence, on the day of the date thereof ; and that said Elizabeth departed this life before the commencement of this suit ; that

the plaintiffs are the persons named in said instrument of wri-
ting, and that they had been in the possession of said Elizabeth
and claimed by her as her slaves for some fifteen years before
the date of said instrument of writing.   Plaintiff also offered
to prove the genuineness and authenticity of the following cer-
tificate, &c. : " State of Missouri, county of Schuyler, ss.   In
the Schuyler Circuit Court, April term, 1850.   It is ordered by
the court that the clerk make the following entry *nunc pro
tunc* of an acknowledgment of a deed of manumission by Eliz-
abeth Schropshire, at the September term, 1847, omitted on
the record of said court at that term, to-wit : ' Now at this
day comes Elizabeth Schropshire and acknowledges a deed of
manumission by will to certain slaves therein mentioned, to-
wit : Titus, Ellen, Monroe, Randolph, Wilson, Mary Jane, and
Josephine, and their future increase, to be her act and deed for
the purposes therein mentioned.'   In witness whereof, I, Isaac
N. Eby, clerk of said court, hereunto set my hand and private
seal (there being as yet no official seal provided for said coun-
ty) at office, in Lancaster, this sixth day of April, 1850.
[Seal.] I. N. Eby, clerk, by J. Parks, deputy."

The court rejected all the evidence offered on the part of
plaintiffs, and the case being submitted to the jury, a verdict
was rendered for defendants.

*Glover & Richardson*, for appellants.   I. The ruling of
the Circuit Court, in refusing to allow the appellants to intro-
duce the evidence they offered, can only be sustained on the
hypothesis that the will of Mrs. Shcropshire is inoperative with-
out being regularly probated.   We submit that at common law,
in order to give a will effect to pass land or personalty, it was
not necessary to make probate of it, although the probate, when
made, was conclusive proof of the will.   (Bagwell v. Elliott,
2 Rand. 196.)   The courts, in many of the states, have deci-
ded that a will is inoperative to pass either real or personal
estate until it is first proved in the probate court; but all such
decisions are predicated on statutes that expressly provide that
" no will shall be effectual to pass either real or personal estate

unless it shall have been duly proved and allowed in the probate court." The question now is, has the rule at common law been altered in this state by statute? There is no provision in our law like that in other states on which the decisions are supported that declare unprobated wills inoperative. Particular courts and officers have by law exclusive jurisdiction of the probate of wills, but their jurisdiction is only exclusive as to the conclusive character of the probate. It is nowhere declared that a will can not be used in evidence as a muniment of title without being probated, but the failure to probate requires a party claiming under a will to make the necessary proof to establish it in a collateral proceeding. The advantage of reading a will, without other proof, is secured by having it probated and recorded, and it is established so that it can not be controverted in a collateral proceeding ; but the failure to have it probated imposes no penalty other than to deny a party the advantage he would otherwise have secured.

*E. Pratt* and *Wm. M. Cooke*, for respondents.

I. The instrument offered in evidence could not operate as a will for want of probate, nor could it operate as a deed of manumission. If it had been admitted, the verdict rendered would not have been different. It would not have authorized a finding for plaintiffs. So that it is immaterial whether its admission was right or wrong.

SCOTT, Judge, delivered the opinion of the court.

The only question presented by the record for our determination is, whether the paper offered as the instrument of emancipation, together with its acknowledgment, was competent evidence to establish the petitioners' right to freedom.

The first section of the second article of the act concerning slaves provides that " any person may emancipate his or her slave by last will, or any other instrument in writing under hand and seal, attested by two witnesses, and proved in the circuit court of the county where he or she resides, or acknowledged

by the party in the same court." So an act of emancipation may be effected by will, or any other instrument of writing. We all know what is meant by the term will. It is an instrument disposing of one's proprerty at his death, but having no efficacy until that time; being revocable. It can not be maintained that the paper in this case could be effectual as a will to emancipate the plaintiffs. As a will it could confer no right, nor be of any force for any purpose, until it was admitted to probate. This is as well settled a principle as any in the law. But while the paper is inefficacious as a will, we see no reason why it is not an instrument in writing within the meaning of the law. The statute intended that slaves should be emancipated in one of two ways, by will or by an act *inter vivos*. We have seen what is a will in the contemplation of law. Now, the word "other" before the word "instrument" in the act does not refer to the form but to the effect of the instrument. If the party wished to emancipate his slaves by an act *inter vivos*, it was not designed to prevent him from using an instrument in the form of a will, if it had the other requisites necessary to effect his object. The law permitting emancipation to be conferred by any instrument of writing, there is no reason why a written paper, in the form of a will, if sufficiently expressive of such intent, should not be as effectual for that purpose as a paper in any other form. It is in the words of the law; it is in the meaning of the law. What more can be required? The paper then offered in evidence, being an instrument in writing sufficiently expressive of an intent to emancipate, being under seal, attested by two witnesses, and openly acknowledged in the Circuit Court by the emancipator, should have been received in evidence as a valid act of emancipation. The other judges concurring, the judgment will be reversed, and the cause remanded.